IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
4:17-CR-26-BR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| SERGIO MENDOZA-GOMEZ, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for defendant's initial appearance on the criminal complaint (D.E. 1) against him. At the proceeding, defendant's counsel made an oral motion pursuant to 18 U.S.C. § 4241(a) and (b) for an order providing that defendant be evaluated for mental competency. The government did not object to the motion.

The court finds that there is reasonable cause to believe that defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. The court's determination is based, in part, on defense counsel's representations to the court that defendant was providing him irrational responses to counsel's questions; that defendant had done the same with a Probation Officer, who corroborated this representation; and that defendant had within the last several years fell off a roof or other high place resulting in injury to his head. The court also bases its determination on defendant's irrational responses to the court's inquiries to him about whether he heard and understood the information provided him at his initial appearance.

IT IS THEREFORE ORDERED as follows:

1. Defendant shall be examined by at least one qualified psychiatrist under the provisions of 18 U.S.C. § 4241(b) and § 4247(b) and (c) to determine if he is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. The court specifically directs that the examination be done by a psychiatrist, rather than psychologist, because of the indication that defendant suffered an injury to his head in a fall.

2. Defendant is committed to the custody of the Attorney General or his designated representative for placement in a suitable facility for purposes of the examination. <u>Such placement shall occur as soon as possible</u>. Defendant shall remain in the custody of the facility until his release is ordered by this court.

3. The court recommends that defendant be placed at FMC-Butner because of its proximity to defendant's counsel.

4. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

5. The report on the examination shall be prepared, served, and filed in accordance with 18 U.S.C. § 4247(c). At the time that the certified report is filed with the court, a copy of the report shall be sent directly to the chambers of the undersigned Magistrate Judge.

6. Further court proceedings in this case are continued pending order of the court after resolution of the competency issue.

7. To the extent that the Speedy Trial Act is deemed applicable at this stage of this case, the delay that results from the examination and continuance provided for herein shall be

excluded from the Speedy Trial Act computation pursuant to 18 U.S.C. § 3161(h)(1)(A) on the grounds that the ends of justice served by granting such relief outweigh the interests of the public and defendant in more expeditious proceedings.

8. No later than 22 December 2017, counsel shall file a joint report on the status of defendant's placement and evaluation. The memorandum shall include: the identity of the facility at which defendant has been placed for the evaluation; the expected date of completion of the evaluation if not already completed (to the extent reasonably obtainable) or, if completed, the date of completion; and if not already submitted to the court, the expected date of submission of the report on the evaluation (to the extent reasonably obtainable).

9. No later than 19 January 2018, counsel shall file another joint report on the status of defendant's placement and evaluation, which shall include the same information required in the preceding paragraph.

SO ORDERED, this 8th day of December 2017.

_____
James E. Gates
United States Magistrate Judge